IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FIBERLINK COMMUNICATIONS, CORP., :
:
    Plaintiff, :
:
v. : No. 02-4660
:
SUPERIOR CONSULTANT COMPANY, INC. :
:
    Defendant. :

## ANSWER

Defendant Superior Consultant Company, Inc. ("Superior"), by its counsel, hereby responds to Plaintiff's Complaint as follows:

1.     Admitted.

2.     Admitted.

3.     Admitted.

4.     Admitted.

5.     Denied. Superior admits only that the Communications Services Agreement ("Agreement") is a document that speaks for itself. By way of further response, Superior began negotiating with Fiberlink to provide communications services based on the mistaken belief that its existing contract with AT&T for identical services would terminate at the end of March, 2002. Under that misapprehension, Superior faxed a signed copy of the Communications Services Agreement to Fiberlink on Friday, March 29, 2002. The next business day, Monday, April 1, 2002, Superior learned that its contract with AT&T did not terminate at the end of the month, but instead would terminate in November of 2002, eight months later. Upon catching its error, Superior immediately contacted Fiberlink by phone and e-mail to

explain the situation. On or about April 2, 2002, Superior told Fiberlink that the AT&T contract made it impractical or impossible to proceed with a contract with Fiberlink, and it would, therefore, have no choice but to withdraw the proposed agreement faxed to Fiberlink two business days before. Although Fiberlink knew that Superior had acted in error and had immediately corrected its error prior to Fiberlink engaging in a single day of work or providing Superior with a single dollar of service pursuant to the Communications Services Agreement, Fiberlink filed the instant Complaint seeking almost $400,000 in damages.

6. Denied. Superior admits only that the Communications Services Agreement is a document that speaks for itself.

7. Denied. Superior admits only that the Communications Services Agreement is a document that speaks for itself.

8. Denied. Superior admits only that the Communications Services Agreement is a document that speaks for itself.

9. Denied. Fiberlink never became entitled to payments under the Communications Services Agreement, and accordingly, Superior never made any payments under that Agreement.

## COUNT I – BREACH OF CONTRACT

10. Superior incorporates by reference paragraphs 1 through 9, above.

11. Denied. Superior denies that a valid contract with Fiberlink was ever formed. Moreover, even if a binding contract was formed, Superior cancelled that contract in accordance with its terms, and consequently, Fiberlink is not entitled to money damages.

12. Denied. On information and belief, Fiberlink has not provided any services to Superior, nor has it suffered any actual damages. Thus, Fiberlink is not entitled to any payments from Superior.

13. Denied. On information and belief, Fiberlink has not provided any services to Superior, nor has it suffered any actual damages. Thus, Fiberlink is not entitled to any payments from Superior.

14. Denied. A valid contract between Fiberlink and Superior was never formed. Alternatively, even if a valid contract was formed, Superior exercised its rights to terminate for convenience under ¶ 8 of the Agreement.

15. Denied. Superior admits only that the Communications Services Agreement is a document that speaks for itself. Furthermore, the liquidated damages provision of the contract acts as a penalty and is, therefore, unenforceable.

16. Denied. Superior admits only that the Communications Services Agreement is a document that speaks for itself. Furthermore, even if a valid contract otherwise existed, the liquidated damages provision, which assumes that Fiberlink would have incurred zero cost in performing almost $400,000 of services, does not operate as a reasonable approximation of Fiberlink's actual damages, acting instead as an illegal penalty and is, therefore, unenforceable.

17. Denied. On information and belief, Fiberlink has not suffered any actual damages which would entitle it to an award of money damages.

## **AFFIRMATIVE DEFENSES**

18. Superior incorporates by reference paragraphs 1 through 17, above.

19. The Complaint fails to state a claim upon which relief can be granted.

20. The Agreement's liquidated damages provision acts as an illegal penalty and, therefore, is void and unenforceable. To the extent it has any, Fiberlink's damages are not difficult, let alone impossible, to measure. In addition, the liquidated damages provision, which assumes that Fiberlink would have incurred zero cost in performing almost $400,000 of services, does not operate as a reasonable approximation of Fiberlink's actual damages.

21. Fiberlink would be unjustly enriched if Superior was forced to make payments under the Agreement. Because Fiberlink has provided no services and suffered no actual damages, Fiberlink would be unjustly enriched if Superior was forced to make payments under the Agreement.

22. Superior never entered into a binding contract with Fiberlink. Superior's March 29, 2002 fax to Fiberlink constituted only an offer, which was not accepted by Fiberlink prior to the offer's withdrawal on April 2, 2002.

23. The Agreement must be rescinded because of Superior's unilateral mistake of fact. Superior erroneously believed that its contract with AT&T would terminate at the end of March when, in fact, it would terminate in November, eight months later, which mistake was communicated to Fiberlink immediately upon discovery, prior to any material reliance by Fiberlink, making enforcement of the Agreement inequitable.

24. Enforcing the Agreement against Superior would be unconscionable.

25. Fiberlink failed to mitigate its damages.

26. Fiberlink waived and/or is estopped from asserting its claims under the Agreement.

```
                                        _____
                                        Andrew K. Fletcher
                                        Azeez Hayne
                                        Pepper Hamilton LLP
                                        3000 Two Logan Square
                                        Eighteenth and Arch Streets
                                        Philadelphia, PA  19103
                                        Tel. (215) 981-4000
                                        Fax. (215) 981-4750
```

Dated:  September 4, 2002                Attorneys for Defendant,
                                         Superior Consultant Company, Inc.

## CERTIFICATE OF SERVICE

I, Azeez Hayne, hereby certify that I caused to be served a true and correct copy of Defendant's Answer to Plaintiff's Complaint, by **hand delivery** on September 4, 2002, upon Plaintiff's counsel:

>Thomas S. Biemer
>John J. Higson
>Dilworth Paxson, LLP
>3200 Mellon Bank Center
>1735 Market Street
>32nd Floor
>Philadelphia, PA  19103

_____
Azeez Hayne

Dated: September 4, 2002